UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LISA SCALES | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY | * | |
| | * | |
| | * | |

*****************************************************************************

## HURRICANE IDA COMPLAINT FOR DAMAGES. WITH JURY DEMAND

NOW COMES Petitioner, Lisa Scales ("Plaintiff" or "Petitioner"), who, through undersigned counsel, files this Complaint for Damages against State Farm Insurance Company (hereinafter "State Farm"), and, in support of the causes of action asserted herein, respectfully shows the Court the following:

## PARTIES

1.

Made Petitioner herein is:

**LISA SCALES**, a person of the full age of majority who resides in, and is domiciled in, the Parish of Jefferson, State of Louisiana.

2.

Made Defendant herein is:

**STATE FARM FIRE AND CASUALTY COMPANY** (hereinafter referred to as "State Farm"), a foreign insurance company incorporated in Illinois and with its principal place of business in Illinois, but which is authorized to do and doing business in the State of Louisiana.

### JURISDICTION AND VENUE

3.

This Court has specific personal jurisdiction over State Farm because it conducts business in the State of Louisiana, namely the sale of insurance policies to, among other consumers, Louisiana homeowners, and because this claim arises out of State Farm's failure to fulfill a written contract executed in the State of Louisiana.

4.

This Court has subject matter jurisdiction over this civil matter between citizens of different states. The amount in controversy, exclusive of interests, costs, and attorney's fees exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

5.

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of Louisiana because a substantial part of the events or omissions giving rise to this dispute occurred in Jefferson Parish.

## FACTUAL BACKGROUND

6.

State Farm is justly and truly indebted to the Petitioner herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in the proceedings, for following, to wit:

7.

Petitioner owns residential property located at 500 Filmore St., Kenner, La 70062 (hereinafter "the Residence").

8.

On August 29, 2021, Petitioner had in place a contract with State Farm to provide a homeowner's insurance policy, policy number 18EG53797 (hereinafter "the Policy"), for the Residence. At all times pertinent hereto, the Policy provided insurance coverage for the matters, risks, and things involved herein, including but not limited to dwelling coverage, contents, loss of use, recoverable depreciation, as well as all repair/replacement costs.

9.

On August 29, 2021, Hurricane Ida made landfall as a Category 4 Hurricane with punishing rains and high-speed winds of 150 mph winds. Hurricane Ida was the fifth strongest storm to ever impact the United States, and it tied two other hurricanes as the strongest (measured by wind speed to ever strike Louisiana. The event caused widespread devastation and damage across much of Louisiana, including in Jefferson Parish and at the Residence.

10.

In compliance with the Policy, Petitioner promptly reported extensive damage to the Residence from Ida to State Farm, who therefore knew almost immediately that the Residence had sustained severe physical and structural damage.

11.

The damage to Petitioner's Residence was severe and catastrophic such that State Farm should have known from the moment of its first inspection that the Residence suffered damage that far exceeded the amount initially estimated by State Farm.

12.

Despite being provided with ample opportunity to inspect and discover damage to the Residence, *i.e.*, sufficient proof of loss, State Farm failed to timely and adequately tender payment under the Policy. Due to either State Farm's incompetence, negligence, or lack of sufficient care, State Farm inspected the home multiple times and claimed the damage was below the deductible. State Farm still has not paid Petitioner for all covered damage to the Residence.

13.

State Farm repeatedly refused to pay Petitioner for all their damage despite the obvious existence of severe, catastrophic damage to the Residence. The amount State Farm claims owes to the insured is grossly insufficient considering the extent of damage to the Residence. State Farms's arbitrary and capricious claims handling unduly delayed and prevented Petitioner from timely repairing the Residence.

14.

As a result of State Farms's failure to timely and adequately adjust Petitioners' claim for damage to the Residence, damage to Petitioners' personal property, and Petitioners' additional living expenses, Petitioners have incurred, and will continue to incur, expenses including attorneys' fees, building consultant service expenses, expert expenses, and other case-related expenses.

15.

As a result of State Farm's failure to timely and adequately adjust Petitioner's claim for damage to the Residence, damage to Petitioner's personal property, and Petitioner's living expenses, Petitioners have suffered contractual, consequential, and tort damages.

## **CAUSE OF ACTION: Breach of Contract**

16.

Petitioner repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

17.

Based on the facts alleged above, State Farm entered and subsequently broke a contract with Petitioner (the Policy) that provided insurance coverage to Petitioner for, among other things, dwelling damage, other structures damage, contents/personal property damage, additional living expenses, and recoverable depreciation.

18.

State Farm had the opportunity to apprise itself of the damages and obtain proof of loss when its adjuster first inspected the Property; however, State Farm's various investigations were grossly incomplete and inadequate, and such inadequate investigations led to State Farm underestimating the damages to the Residence.

19.

State Farm consequently unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on Petitioners' claims.

20.

By virtue of its various breaches of contract, which were in bad faith as described above and below, including its failure to fully reimburse Petitioner for the covered losses, State Farm is liable to and owes Petitioner for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Petitioner may prove as allowed by law.

**CAUSE OF ACTION: Bad faith under La. R.S. 22:1892 and 22:1973**

21.

Petitioner repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

22.

The actions of State Farm in failing to timely, fully, and fairly adjust Petitioner's claim are arbitrary, capricious, and without probable cause, making State Farm liable for damages, penalties and attorney fees provided under La. R.S. 22:1892 and 22:1973. Specifically, State Farm failed to provide adequate payment despite having received satisfactory proof of loss by virtue of State Farm's own inspections that showed obvious damage caused by Ida. State Farm's several grossly inadequate investigations are a byproduct of its corporate model, which involves, among other measures, not retaining a sufficiently large and sufficiently trained workforce of property damage adjusters. Moreover, State Farm's several grossly inadequate investigations resulted in this claim dragging out for over a year to date, even though all damage to the Residence was plainly obvious during State Farm's initial inspection and again during its subsequent inspections. State Farm also failed to adequately, promptly, fairly, and fully investigate the Residence for covered losses.

23.

Defendant, State Farm, is liable unto the Petitioner under the following legal theories:

1. Breach of contract;

2. Bad faith claims adjusting;

3. Negligent claims adjusting;

4. Intentional infliction of emotional distress;

5. Any and all other legal theories which may be found through discovery proven at trial in this matter.

24.

As a result of Hurricane Ida and State Farm's arbitrary and capricious claims adjusting, Petitioner has sustained, or will sustain, the following non-exclusive damages:

1. Property damages;
2. Loss of contents;
3. Loss of use and enjoyment of property;
4. Additional living expenses;
5. Repair and remediation expenses;
6. Loss of investment value of funds used to offset State Farm's failure to pay, including lost interest;
7. Diminution of value of property;
8. Loss or diminution of credit rating;
9. Extreme mental anguish, including inconvenience, stress, and aggravation;
10. The penalties proscribed by La. R.S. 22:1892 and 22:1973;
11. Attorney's fees and costs of this litigation; and
12. Any and all other damages which will be shown through discovery and proven at trial.

25.

Petitioner prays for and is entitled to trial by jury, bond to be set at a later date.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court enter judgment for such amounts as Petitioner may prove, including the full amount of the building property damage at

Replacement Cost Value; the full amount of personal property damage at Replacement Cost Value, reimbursement for additional living expenses and other expenses; all actual and consequential damages; applicable penalties under La. R.S. § 22:1892 and La. R.S. § 1973, along with all attorney fees and litigation expenses; in an amount that exceeds the jurisdictional requirements of 28 U.S.C. 1332, and additional and further relief this Court deems just and equitable.  Petitioner further prays for trial by jury.

          Respectfully submitted:

*/s/P. M. Donovan*
P. M. Donovan (La. Bar No. 21272)
4640 Rye Street Metairie La, 70006
Phone: (504) 454-6808
Fax:    (504) 887-2888
pdonovan@donovanlawler.com
*Attorney for Plaintiff*

**PLEASE SERVE:**

**STATE FARM FIRE AND CASUALTY COMPANY**
Through its registered agent
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809